O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| VALERIE LOPEZ, Appellant, | ) | Case No. SA CV 12-00040 DDP |
| Plaintiff, | ) ) | **ORDER DENYING APPELLANT'S MOTION FOR RECONSIDERATION WITHOUT** |
| v. | ) ) | **PREJUDICE, PENDING CLARIFICATION FROM THE NINTH CIRCUIT** |
| WELLS FARGO BANK NA., Appellee, | ) ) | [Docket No. 17] |
| Defendants. | ) ) ) | |

Presently before the court is Appellant's Motion for Reconsideration and to Re-Open the Case ("Motion"). On April 6, 2012, this court issued an Order dismissing Appellant's appeal of a bankruptcy court order. As this court explained, Appellant first filed her Notice of Appeal with the Ninth Circuit's Bankruptcy Appellate Panel ("BAP"). Shortly after, Appellant also filed a Notice of Appeal with this court. In her Statement of Election/Designation of Interlocutory Appeal, however, Appellant expressly elected to appeal to the BAP. This court therefore dismissed her appeal here, since she had legally chosen to appeal the bankruptcy court order to the BAP.

1         In her Motion for Reconsideration, Appellant explains that,
2    prior to this court's Order, the BAP had issued its own Order
3    transferring the appeal to this district court.  According to
4    Appellant, the BAP Order did not appear on the docket at the time
5    of this court's prior Order, due to an administrative error.
6    Appellant also attaches a copy of the BAP Order, which confirms the
7    procedural history but transfers the appeal to this court.
8         As mentioned, however, Appellant expressly elected to appeal
9    the bankruptcy court order to the BAP.  Also, no other party has
10   elected to have the appeal heard by the district court.  Pursuant
11   to 28 U.S.C. § 158(c)(1), "each appeal . . . shall be heard by . .
12   . the [BAP]" unless "the appellant elects at the time of filing the
13   appeal" or "any other party elects, not later than 30 days after
14   service of notice of the appeal[,] to have such appeal heard by the
15   district court."  See also Fed. R. Bankr. P. 8001(e)(1) ("An
16   election to have an appeal heard by the district court under 28
17   U.S.C. § 158(c)(1) may be made only by a statement of election
18   contained in a separate writing filed within the time prescribed by
19   28 U.S.C. § 158(c)(1)."); In re Davis, No. CV 10-1077, 2010 WL
20   2609548, at *1 (D. Ariz. June 28, 2010) ("By requiring a separate
21   Statement of Election, Congress intended that debtors appeal their
22   bankruptcy cases to the Bankruptcy Appellate Panel by default and
23   only to the district court where 'an actual election [was]
24   knowingly and informatively made.'"  (quoting In re Sullivan
25   Jewelry, Inc., 218 B.R. 439, 441 (8th Cir. BAP 1998))).
26        Accordingly, it appears to this court that it may not have
27   jurisdiction under 28 U.S.C. § 158 to hear the appeal, in
28   contravention of the parties' choice to proceed in front of the

BAP.  It also appears to this court that the BAP may not have been aware of this issue in ordering the appeal to be transferred here.  Of course, if this court is mistaken, the Ninth Circuit can provide further clarification, in which case Appellant can file another motion for reconsideration.  At the present time, however, it appears that the appeal is properly heard by the BAP.  The court therefore DENIES Appellant's Motion without prejudice.  Again, Appellant may file another motion for reconsideration if the Ninth Circuit indicates its disagreement with this Order.

IT IS SO ORDERED.

Dated: June 8, 2012

DEAN D. PREGERSON
United States District Judge